**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____

| | | |
|---|---|---|
| IN RE: C.R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | § § § | MDL NO. 2187 |

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISON**

| | | |
|---|---|---|
| LISA D. HUDSPETH,  Plaintiff, | § § § § | |
| v. | § | CIVIL ACTION NO.3:14-cv-01465 |
| C.R. BARD, INC., et al  Defendants. | § § § § | |

_____

**BRIEF IN SUPPORT OF MOTION TO VACATE THE
CONDITIONAL TRANSFER ORDER (CTO-162)**

I.   PRELIMINARY STATEMENT

Plaintiff respectfully files this brief in support of her motion to vacate the conditional transfer order (CTO-162) entered by the Judicial Panel on Multidistrict Litigation December 15, 2014. Pursuant to Panel Rule 7.1(f), this brief is being filed in support of plaintiff's motion to vacate, and her previous notice of opposition, filed on December 15, 2014 in accordance with Panel Rule 7.1(f) (*See* notice attached as Exhibit "A"). This submission is being filed within 14 days of the filing of the notice of opposition. For the reasons stated below, the conditional transfer order should be vacated so that plaintiff can proceed in the timely resolution of her claim in state court.

1

Plaintiff will soon file a motion for remand in the above case. Despite the fact that the Panel entered its conditional transfer order before the district court judge was able to rule on the motion, that judge has not lost jurisdiction over this case and, therefore, can make a determination as to plaintiff's motion for remand. Panel Rule 2.1(d); see also, *e.g. Faulk v. Owens-Corning Fiberglas Corp., et al.,* 48 F.Supp.2d 653, 657 (E.D. Tex. 1999).

Plaintiff filed her notice of opposition within the prescribed period. Therefore, transmittal of the CTO was stayed and continues to be stayed until further action by this Panel. Finally, since the case has not been finally transferred, but only "provisionally" transferred, pending a final decision on transfer, it is still pending in the original district court to which it was removed. Thus, not only does the United States District Court retain jurisdiction to rule on the motion for remand before it, but it may promptly do so and preserve the plaintiff's right to a timely resolution of her claim.

Plaintiff respectfully requests that her motion to vacate the CTO be granted, so that the court to which the case was removed may resolve her motion for remand.

Respectfully submitted,
**WATERS & KRAUS, LLP**


 /s/  Charles S. Siegel
CHARLES S. SIEGEL
Texas State Bar No. 18341875
3219 McKinney Avenue
Dallas, Texas 75204
(214) 357-6244  Telephone
(214) 871-2263  Facsimile
siegel@waterskraus.com

~and~

**ANDERSON GLENN LLP**
GREGORY A. ANDERSON
Florida Bar No. 398853
Email: gaanderson@asglaw.com
JAMES NEALIS
Florida Bar No. 70098
Email: jnealis@asglaw.com
4400 Marsh Landing Boulevard, Suite 4
Ponte Vedra Beach, Florida 32082
(904) 273-4734
(904) 273-4712 (Fax)

ATTORNEYS FOR PLAINTIFF